UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETE DEVAULT,

        Plaintiff,        CASE NUMBER: 14-11986
                                  HONORABLE VICTORIA A. ROBERTS
v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
                                        /

**ORDER GRANTING DEFENDANT'S
MOTION TO AMEND THE JUDGMENT (DOC. 26)**

### I.    BACKGROUND

On September 21, 2015, the Court issued an order denying both of the parties' cross-motions for summary judgment. Defendant, Commissioner of the Social Security Administration, filed a Motion to Amend the Judgment styled as a motion for reconsideration, which Plaintiff Pete Devault responded to. After reviewing the supplemental briefs and authority, the Court **GRANTS** Defendant's motion for the reasons set forth below.

### II.    STANDARD OF REVIEW

In a motion for reconsideration in this District, "The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(h)(3). Defendant's

1

motion was timely and satisfied the requirements of Local Rule 7.1(h)(3). Defendant sufficiently demonstrates defects in the prior order. Because the alleged defects concern the only two bases for remand and because procedurally the case was at the summary judgment stage, correcting the defects will result in a different disposition: judgment for the Commissioner.

### III. DISCUSSION

Defendant sought reconsideration of two issues: (1) the Court's interpretation of the explanatory requirements under the Social Security Regulation codified at 404 C.F.R. § 1527(c)(2); and (2) application of the "meet or equal test" of Step Three of the disability benefits framework in lieu of the Sixth Circuit's requirements.

#### A. 404 C.F.R. § 1527(c)

The Sixth Circuit recognizes that when the opinion of a treating source is not accorded controlling weight, Section 1527 mandates that "an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir 2004); 404 C.F.R. § 1527(c). In *Wilson*, the Sixth Circuit cited the Second Circuit in setting forth the impact of failing to comply with the "good reasons" requirement of § 1527 – remand. *Id.* At ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter

opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion."). The Court relied on this language in *Wilson* in deciding that the discussion at issue was not sufficiently specific – something it deemed a procedural violation.

But a review of subsequent cases – *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802 (6th Cir. 2011) and *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472 (6th Cir. 2008) – makes clear that these requirements have been relaxed. The Sixth Circuit indicated that the regulations "expressly require only that the ALJ's decision include 'good reasons... for the weight… give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis." *Francis*, 414 F. App'x at 804. Moreover, discussion that indicates a treating source's opinion was not given controlling weight because it is contradictory and inconsistent with the record will be deemed to constitute "good reasons." *Gaskin*, 280 F. App'x at 475.

The ALJ need not explore every facet of the regulations in explaining why a treating source's opinion was rejected in order to satisfy the "good reasons" requirement. As a result, it was error to require remand because of a failure to explain how each § 1527 factor pertained to Dr. Hafeez's treatment relationship with Devault. *Francis*, 414 F. App'x at 805 (citing *Wilson*, 378 F.3d at 547) ("We excuse a decision's noncompliance with its provisions 'where the decision has met the goal of § 1527(c)(2)–the provision of the procedural safeguard of reasons–even though it has not complied with the terms of the regulation.) Consequently, and through this order, the Court modifies section III(A)(2) of the September 21, 2015 Order to reflect that the ALJ did not err in explaining the weight given to Dr. Hafeez's opinion.

### B.     "Equal" under Step Three of the Disability Framework

Under Step Three of the Social Security Disability Framework, the ALJ must determine whether a claimant's combination of medical impairments meet or equal in severity the medical findings for any listed impairment. The ALJ concluded that Devault's conditions did not meet or equal any listed impairment. The Court did not take issue with this finding, but instead ordered the matter remanded because the ALJ did not sufficiently explain the basis for that conclusion. The Court indicated that the ALJ could not simply rely on the analysis of each listing in reaching a conclusion that none of those listings would be equaled; instead, the Court required that the ALJ also state all of the known impairments and discuss the cumulative impact of those conditions, irrespective of any particular listings' elements.

Defendant says that requiring such strict application of the rule constituted error. Defendant cites two non-binding but persuasive cases. The first, an Eleventh Circuit case, found that summary language pertaining to equivalence, without independent additional discussion of combined impairments, was sufficient to satisfy the Regulations' procedural requirements. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Secondly, Defendant cites a decision from this District for the proposition that a cursory discussion of a particular listing does not require remand where the ALJ's opinion as a whole demonstrates sufficient consideration of the relevant evidence. *Gower v. Comm'r of Soc. Sec.*, No. 13-14511, 2015 WL 163830, at *9 (E.D. Mich. Jan. 13, 2015).

Plaintiff contends that the ALJ only narrowly considered certain impairments, instead of all of the combined impairments. Moreover, Plaintiff cites a Sixth Circuit decision for the proposition that failure of an ALJ to properly evaluate a listing is cause

4

for remand. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) . That case is factually distinguishable from the matter now before the Court. In *Reynolds*, the ALJ concluded two listings were not met or equaled but failed to provide analysis for one of the listings. *See id.* at 415. By contrast, as stated in this case's original Order, the ALJ independently and adequately considered whether each listing was met. The alleged error was that the ALJ did not conduct a separate further inquiry into whether the combination of Devault's impairments equaled a listing. Because *Gower* makes clear that this type of explicit and rigid approach is not needed, and because the ALJ's decision as a whole makes clear that the entire medical record was considered, the Court modifies Section III(B)(2) of the September 21, 2015 Order to reflect that the ALJ's assessment of Devault's abilities at Step Three was sufficient.

## IV. CONCLUSION

The ALJ's explanation of the weight given to Dr. Hafeez's opinion was without error, as was the discussion of "equivalence" under Step Three of the Framework. Accordingly, Defendant's Motion to Amend the Judgment is **GRANTED**. As a result of this Order, judgment will enter in favor of the Defendant, Commissioner of Social Security.

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: November 24, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 24, 2015.<br><br>s/Linda Vertriest<br>Deputy Clerk |